**Samba A MBAYE Petitioner,**

v.

**Alberto R. GONZALES * Respondent.**

**No. 03–4839–AG.**

United States Court of Appeals,
Second Circuit.

Dec. 7, 2005.

Ronald S. Salomon, New York, New York, for Petitioner.

Michael L. Ivory, Assistant United States Attorney, Pittsburgh, Pennsylvania, Edward J. McElroy, United States Attorney, Eastern District of New York, for Respondent.

PRESENT: WALKER, Chief Judge, CALABRESI, and POOLER, Circuit Judges.

## SUMMARY ORDER

Samba Mbaye ("Mbaye"), a native of Mauritania, petitioned for review of an or-

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

der of the Board of Immigration Appeals ("BIA"), affirming an immigration judge's ("IJ") denial of Mbaye's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

This Court reviews the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). While we afford "particular deference" to an adverse credibility determination, *Zhou Yun Zhang,* 386 F.3d at 74, that determination will not satisfy the substantial evidence standard if it is based on flawed reasoning, such as speculation or conjecture, *Secaida–Rosales v. INS,* 331 F.3d 297, 307, 312 (2d Cir.2003).

Here, the IJ's adverse credibility determination was based on "specific, cogent reasons" that bore "a legitimate nexus" to the finding. *Zhou Yun Zhang,* 386 F.3d at 74 (quoting *Secaida–Rosales,* 331 F.3d at 307 (internal quotations omitted)). Moreover, the inconsistent testimony was neither minor nor isolated, and it bore a legitimate nexus to the IJ's adverse credibility finding. *Diallo v. Ashcroft,* 232 F.3d 279, 288 (2d Cir.2000). While the lack of corroborating evidence did not form the sole basis for the adverse credibility determination, the record supports the IJ's finding that the lack of corroborating evidence did bear on credibility. *Id.* at 287.

For the foregoing reasons, Mbaye has not satisfied the standard for granting asylum, and consequently cannot meet the higher standard for granting withholding of removal. *See Ramsameachire,* 357 F.3d at 178. Further, the record supports the IJ's determination that Mbaye failed to meet his burden under the CAT, as Mbaye did not demonstrate that "it is more likely than not that he would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2); *see also Wang v. Ashcroft,* 320 F.3d 130, 133 (2d Cir.2003).

Accordingly, the petition is denied and the outstanding motion for a stay of removal is denied as moot.